W. C. THREE, INC., PETITIONER-APPELLANT, v. TOWN-
SHIP COMMITTEE OF WASHINGTON TOWNSHIP,
JOSEPH R. MOSS AND DELSEA ASSOCIATES, RE-
SPONDENTS-APPELLEES.

STEVEN ROTH, PETITIONER-APPELLANT, v. TOWNSHIP
COMMITTEE OF WASHINGTON TOWNSHIP, JOSEPH R.
MOSS AND DELSEA ASSOCIATES, RESPONDENTS-AP-
PELLEES.

Superior Court of New Jersey
Appellate Division

Argued June 8, 1976—Decided June 16, 1976.

Before Judges KOLOVSKY, BISCHOFF and BOTTER.

*Mr. Warren H. Carr* argued the cause for appellant W. C. Three, Inc. (*Messrs. Cresse & Carr,* attorneys).

*Mr. Saul A. Wolfe* argued the cause for appellant Steven Roth (*Messrs. Skoloff & Wolfe,* attorneys).

*Mr. Robert E. Francis* argued the cause for respondent Township Committee of Washington Township.

*Mr. Robert T. Healey* argued the cause for respondents Delsea Associates.

*Mr. William F. Hyland,* Attorney General of New Jersey, (*Mr. David S. Piltzer,* Deputy Attorney General, of counsel) filed a statement in lieu of brief on behalf of the Division of Alcoholic Beverage Control.

PER CURIAM. Following a referendum, respondent Township Committee of Washington Township (township committee) on September 6, 1973 adopted an ordinance authorizing the issuance of two plenary retail liquor distribution

licenses within the municipality which, prior thereto, had been "dry." Twenty-two applications were received by the municipality for the two available licenses, including applications from appellants Steven Roth and W. C. Three, Inc. Following a consideration of the 22 applications, the two available licenses were awarded to Joseph Moss, trading as The Bottle Shop, and to Walter C. Washington, Anthony G. Kritis and John W. Trimble, trading as Delsea Associates.

The action of the municipality in granting the licenses was appealed by appellants to the Director of the Division of Alcoholic Beverage Control. They filed separate petitions of appeal alleging that a conflict of interest existing between township officials and the successful applicants deprived appellants of a fair and impartial hearing.

Following a hearing on the consolidated petitions, the hearing examiner issued a report, which was adopted by the Director of the Division of Alcoholic Beverage Control, holding that, because of at least the appearance of a conflict of interest, the action of the township committee in awarding the licenses was improper. By order dated May 29, 1975 the Director ordered that the action of the township committee be reversed.

In his petition of appeal Roth, in addition to seeking a reversal of the grant of a license to Delsea Associates, requested the issuance of a plenary retail distribution license to him. (The petition of appeal filed by W. C. Three, Inc. had only requested reversal of the grant of licenses to the successful applicants.)

W. C. Three, Inc. thereafter petitioned the Director for a supplemental hearing in order that he might determine which of the 22 applicants for the licenses should receive the award, basing the petition on (1) the alleged continuing conflict of interest and (2) underlying antagonisms on the part of the township committee resulting from the prosecution of the appeal, which it was argued would continue to deprive appellants of a fair and impartial hearing.

The Director denied the request for a supplemental hearing stating that the only action taken by him was a reversal of the grant of the licenses. From this denial both Roth and W. C. Three, Inc. have appealed, which appeals have been consolidated.

The only issue presented is the contention of appellants that "the Director of the Division of Alcoholic Beverage Control in this situation involving a finding of conflict of interest in the local governing body regarding the issuance of liquor licenses had a duty to mold the appeal to the Division as an original proceeding for determination by the Director as to which of the applicants should be awarded the licenses." Appellants concede that the Director is under no duty to mold the petition and make a direct award of the licenses since the original power to pass on an application for such a license resides in the municipality. *Fanwood v. Rocco,* 33 *N. J.* 404, 414 (1960). However, appellants argue that the Director has the discretionary power to award such licenses and should have exercised his discretion to do so, held a hearing and made an award to two of the twenty-two applicants. In support of this position appellants rely upon the case of *Blanck v. Magnolia Mayor and Council,* 38 *N. J.* 484, 494 (1962), and, inferentially, on *N. J. S. A.* 33 :1–20.

We find the *Blanck* case to be inapposite. There the governing body of a municipality passed an ordinance creating one plenary retail liquor license. At the time the ordinance was introduced and first considered, one member of council was interested in the license. He resigned as a member of council a few days before the ordinance was enacted. Two applications for the license were received, one from the former member of council and he was awarded the license. The unsuccessful applicant appealed to the Director of the Division of Alcoholic Beverage Control, who upheld the award. The Appellate Division affirmed. The Supreme Court, in reversing and remanding the case to the Director, said:

*　　*　　*　　*　　*　　*　　*　　*

In our view, the Director should have taken petitioners' appeal and molded it as if it were a direct application by the D'Amicos for a license. He would have had before him the competing applicant, Myers, and could have then decided all the issues. He would have made a determination as to whether public welfare or favoritism was the basis for enacting the ordinance. If he found public welfare, he would have then considered the relative merits of the two applications. If he found that the amendment was passed for a reason not permitted by the Legislature, he would not have granted a license to either applicant. [Citation omitted.] Nevertheless, the power he would exercise would be in the nature of an issuing authority (such as he exercises under R. S. 33:1–20 *N. J. S. A.*) rather than an appellate one. [at 495–496]

█ In this case only four of the 22 applicants were before the Director and there was no basis upon which he could properly make an award. *Shoprite of Hunterdon Cty. v. Raritan Tp. Comm.*, 131 *N. J. Super.* 428 (App. Div. 1974), certif. den 67 *N. J.* 94 (1975). Furthermore, we point out that in the *Blanck* case one of the applicants for the license was authorized by the provisions of *N. J. S. A.* 33:1–20 to make an application directly to the Director, who is thereby empowered to issue such a license, unlike the present situation where appellants have no statutory authority to make a direct application to the Director.

█ Since the time the municipality first received applications for the two licenses available, *L.* 1975, c. 275 (*N. J. S. A.* 33:1–19.1 and 33:1–19.2) has been added to the statutory scheme and requires notice by publication of a municipality's intention to issue liquor distribution or consumption licenses. This statute is now part of "the law in effect at the time of the disposition of [the] cause by" this court and, hence, governs our decision, *Little Ferry v. Bergen Cty. Sewer Auth.*, 9 *N. J.* 536, 547, cert. den. 344 *U. S.* 865, 73 *S. Ct.* 105, 97 *L. Ed.* 670 (1952), and also establishes standards to be considered by any public body conducting a hearing for the purpose of issuing the two licenses in question. As to the alleged continuing conflict of interest and the alleged underlying antagonism, the

parties note in their briefs and conceded at oral argument that changing political fortunes have altered, to some degree, the situation which created the conflict of interest. Appellants have ample protection in the review proceedings available should their apprehension that they will be denied a fair and impartial hearing before the municipal body materialize.

We see no abuse of discretion on the part of the Director in refusing to mold the order to provide for a supplemental hearing and make a direct award of the licenses, and the order appealed from is:

Affirmed.